UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| SANDRA M. PIERCE | ) | Case No. 19-40249-thf |
| | ) | |
| | ) | Chapter 7 |
| Debtor | ) | |
| | ) | |
| ---------------------------------------------------) | | Adv. No. 19-04012-thf |
| | ) | |
| SANDRA M. PIERCE | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| V. | ) | |
| | ) | |
| SKILLMAN'S AUTO SALES | ) | |
| | ) | |
| Defendant | ) | |

\* \* \* \* \*

**MEMORANDUM OPINION**

This matter is before the Court on the Complaint to Recover Preferential Transfers filed by the Plaintiff-Debtor Sandra Pierce ("**Pierce**"). Pierce seeks to recover wages garnished by the Defendant, Skillman's Auto Sales ("**Skillman's**"), which she argues are voidable preference payments made within ninety days before the date of the filing of the petition under 11 U.S.C. § 547(b). Skillman's argues it is entitled to retain the funds under § 547(c)(8)'s small preference exception because the total amount Skillman's received was under $600, since the post-petition garnishment check was received but never processed. The Court finds that, because the total amount Skillman's retained was under the $600 threshold, Skillman's is entitled to retain the funds under § 547(c)(8).

1

## PROCEDURAL AND FACTUAL BACKGROUND

The parties have jointly stipulated to the following facts. On February 24, 2017, Pierce executed and delivered to Skillman's a retail installment contract, security agreement and promissory note for the purchase of a used vehicle. After Pierce failed to make payments, Skillman's repossessed and resold the vehicle, incurred a deficiency balance, and acquired a default judgment and order from the Daviess Civil Court on January 22, 2019. The court awarded Skillman's a judgment of $4,275.81, and an Order for Wage Garnishment was entered days later.

In February and March of 2019, six wage garnishments took place, and ADP (Pierce's employer's payroll processor) sent the following six checks to Skillman's counsel:

| ADP Check No. | Date of Check | Date Check Received | Total Amount | Amount Paid to Skillman's | Amount Paid to Law Firm |
|---|---|---|---|---|---|
| 12662472 | February 7, 2019 | February 12, 2019 | $100.73 | $67.16 | $33.57 |
| 12861020 | February 14, 2019 | February 20, 2019 | $93.21 | $62.14 | $31.07 |
| 13034869 | February 21, 2019 | February 26, 2019 | $107.92 | $71.95 | $35.97 |
| 13419189 | March 7, 2019 | March 12, 2019 | $83.90 | $55.94 | $27.96 |
| 13629239 | March 14, 2019 | March 19, 2019 | $111.90 | $74.60 | $37.30 |
| 13810328 | March 21, 2019 | March 26, 2019 | $102.98 | | |
| Total | | | $600.64 | $331.79 | $165.87 |

Only five of those checks, however, were ever actually processed and deposited by Skillman's. Pierce filed bankruptcy on March 24, 2019, days after the sixth garnishment check (Check No. 13810328, for $102.98) was sent on March 21, 2019, but *before* Skillman's counsel received the check on March 26, 2019. Before ever receiving the sixth check, Skillman's counsel was notified of Pierce's bankruptcy on March 24, 2019, and filed a Notice of Release of Garnishment with the Daviess District Court the following day.

Importantly, the parties do not dispute that, once notified of Pierce's bankruptcy prior to receiving check #6, Skillman's counsel never processed or distributed or presented the sixth check for payment. The other five checks received, processed and distributed pre-petition totaled $497.66 (of which $331.79 was paid to Skillman's and $165.87 to Skillman's counsel). As a result, Skillman's now argues that, because the total of checks #1-5 falls below the $600 threshold set forth in § 547(c)(8), Skillman's is permitted to retain those funds under the small preference exception.

## LEGAL ANALYSIS

The plaintiff bears the burden of proving each element of a preferential transfer under 11 U.S.C. § 547(b) by a preponderance of the evidence. *In re Nelson*, 419 B.R. 338, 340 (Bankr. W.D. Ky. 2009); *Neal v. Graves-Gilbert Clinic* (*In re Neal*), Nos. 18-10213(1)(7), 18-1005, 2018 Bankr. LEXIS 2057, at *2-4 (Bankr. W.D. Ky. 2018). For a transfer to constitute a voidable preference, the plaintiff must show: (1) benefit to a creditor; (2) on account of an antecedent debt; (3) made while the debtor was insolvent; (4) within ninety days before bankruptcy; and (5) which enabled the creditor to receive a larger share of the estate than if the transfer had not been made. 11 U.S.C. § 547(b). But a transfer under this section may not be avoided if, in a case filed by an individual debtor whose debts primarily are consumer debts (such as the present case), the aggregate value of all property that constitutes or is affected by such transfer is less than $600. *See* § 547(c)(8).

Skillman's claims that the funds garnished, after deducting the sixth unprocessed check from the total received, total $497.66 and are therefore protected by the *de minimis* $600.00 exception provided in § 547(c)(8). The Court agrees. Although Skillman's counsel did receive

3

check #6 on March 26, 2019, neither party disputes that the sixth check was ultimately never processed, distributed, or presented for payment by Skillman's. On the contrary, check #6 was returned to ADP's counsel and, according to the parties' testimony, was eventually refunded to Pierce. Ultimately, Skillman's only ever received $497.66 in wages garnished from the debtor.

Courts generally find no avoidable preference under § 547(b) when the total amount of money actually transferred to the garnishee does not exceed $600, despite the fact that additional checks may have been sent and received but were never processed. The underlying facts are analogous to those of *In re Pierce*, a case in which the Eighth Circuit B.A.P. upheld the lower bankruptcy court's decision that, under § 547(c)(8), debtors were not allowed to recover $562.78 withheld from debtor's pay and paid to a judgment creditor, because the aggregate sum the creditor actually received was less than $600. *Pierce v. Collections Assocs.* (*In re Pierce*), 504 B.R. 506 (B.A.P. 8th Cir. 2013). Even though two additional payments totaling $296.20 were received by the creditor after debtors declared bankruptcy, the bankruptcy court excluded those payments when determining if the creditor received more than $600, because those payments were returned to debtor's employer and paid back to the debtor. The *Pierce* court found as follows:

> We agree with the Pierces that at one time all six wage garnishments, totaling $858.98, constituted preferences. We have previously held that for preference purposes, if the property transferred is the debtor's wages then the transfer occurs precisely when wages are earned (citations omitted). In this case, each garnishment was a preference at the time Pierce earned his wages.
>
> **However, when the Pierces brought this preference action the garnishee had already returned $296.20 to them. As the Pierces recognized, the only remedy available to them was avoidance of the wages still in possession of Collection Associates.** Accordingly, their requested relief was for the return of $562.78, an amount less than $600. Therefore, under any definition of the word transfer and regardless of the benefit Collection Associates received § 547(c)(8)

4

> applies. … Because the amount sought be to recovered is less than $600, § 547(c)(8) applies as a defense to this preference action.

*Id.* at 510 (emphasis added).  Thus, where the garnishee-creditor in *Pierce* had received over $858.98 in wage garnishment checks but returned $296.20 of those funds upon learning of debtor's bankruptcy before the preference action was commenced, the total amount actually received was under $600 and fell within § 547(c)(8)'s *de minimis* exception.  Similarly, by the time Pierce brought this preference action in April of 2019, Skillman's had already returned the sixth check for $102.98.

This analysis is consistent with previous decisions in which certain transfers or costs were deducted from the aggregate sum when determining whether the $600 threshold was met.  In *Neal v. Graves-Gilbert Clinic* (*In re Neal*), Nos. 18-10213(1)(7), 18-1005, 2018 Bankr. LEXIS 2057 (Bankr. W.D. Ky. 2018), after court costs were reimbursed to Defendant's counsel and "properly deducted from the aggregate sum garnished from the Debtor," the total funds received by Defendant were less than $600, and thus "were not preferential transfers under 11 U.S.C. § 547(b) and fall within the de minimis exception of 11 U.S.C. § 547(c)(8)."  Likewise, *In re Nelson*, 419 B.R. 338 (Bankr. W.D. Ky. 2009) featured several defendants who were paid with garnished funds totaling over $600, but the first paycheck garnished included $106.87 for court costs which were eventually deducted from the garnished funds, thereby reducing the amount turned over to one of the defendants.  The *Nelson* court held that, where those court costs did not count toward the total amount of funds garnished by the defendant, the total garnished from the debtor was less than $600 and thus within the *de minimis exception.  Id.* at 340.

**CONCLUSION**

Ultimately, Debtor can only seek to avoid preferential transfers of wages still in the garnishee's possession. But here, it remains undisputed that Skillman's processed just five of the six checks received and retained only $497.66 of the total aggregate $600.64 funds garnished from debtor's employer. Any remaining checks Skillman's received were returned and were never processed. Although multiple transfers to Skillman's were made within the ninety days preceding Pierce's filing bankruptcy, those transfers do not constitute voidable preferential transfers under 11 U.S.C. § 547(b) where they fall within the *de minimis* exception under § 547(c)(8).

For the foregoing reasons, the Court will enter Judgment in favor of the Defendant, Skillman's Auto Sales, and against the Plaintiff Sandra Pierce. The Court will issue a separate Judgment consistent with the provisions set forth in this Memorandum.

*/s/ Thomas H. Fulton*
Thomas H. Fulton
United States Bankruptcy Judge

Dated: October 31, 2019

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| SANDRA M. PIERCE | ) | Case No. 19-40249-thf |
| | ) | |
| | ) | Chapter 7 |
| Debtor | ) | |
| | ) | |
| ------------------------------------------------- | ) | Adv. No. 19-04012-thf |
| | ) | |
| SANDRA M. PIERCE | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| V. | ) | |
| | ) | |
| SKILLMAN'S AUTO SALES | ) | |
| | ) | |
| Defendant | ) | |

* * * * *

## JUDGMENT

Pursuant to the Court's Memorandum entered this date and incorporated herein by reference, and the Court being otherwise sufficiently advised,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Judgment is entered in favor of the Defendant, Skillman's Auto Sales, and against the Plaintiff Sandra Pierce.  This is a final and appealable order.

Thomas H. Fulton
United States Bankruptcy Judge

Dated: October 31, 2019